IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| GILES KADRI, | ) |
| Institutional ID # 25408-013 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) 1:05-CV-167-C |
| JOSEPH HARO, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on October 4, 2006. No objections have been filed.

The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

It is, therefore, ORDERED:

(1) Plaintiff's claims against Defendants Joseph Haro, A. W. Sherrod, Trevino Tapia, John W. Clinton, Ruben Hernandez, and FNU Rangel are dismissed without prejudice for failure to exhaust administrative remedies.[1]

(2) Plaintiff's claims that the Defendants conspired against him, that he was deprived of medical treatment while in the Special Housing Unit (SHU), and that he was subjected to cruel and unusual punishment while confined to the SHU at FCI Big Spring are dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] To the extent it should be found that Plaintiff exhausted his administrative remedies with regard to his claims against these Defendants, Plaintiff's claims should be dismissed for lack of personal involvement on the part of any of these Defendants. Further, all claims against all Defendants in their official capacities should be dismissed.

(3)     Plaintiff's claims against Defendant Wayne Huffman alleging retaliation for grievances filed about the law library shall proceed and process shall be issued as to this Defendant.

(4)     The Clerk of the Court is directed to complete form USM-285 and a summons for Defendant Wayne Huffman at his last known address at FCI Big Spring.

(5)     The Clerk shall provide a copy of this Order to the United States Marshal, along with form USM-285, the completed summons, a copy of Plaintiff's Complaint (doc 1), Plaintiff's Response to Order of September 14, 2005 (doc 5), Questionnaire (doc 15-1), and Report and Recommendation (doc 18).

(6)     The Clerk shall also provide a copy of this Order and the above documents electronically upon the United States Attorney for the Northern District of Texas directed to the attention of the Civil Section, United States Attorney's Office, Lubbock Division.

(7)     The United States Marshal shall personally serve process and a copy of this Order upon Defendant Wayne Huffman.  In the event Wayne Huffman is no longer associated with the FCI Big Spring, the United States Marshal shall command all necessary assistance from FCI Big Spring and the Bureau of Prisons to execute this order.  In the event Defendant Huffman is no longer associated with FCI Big Spring, the United States Marshal shall maintain the confidentiality of the address for Defendant Huffman, and all other information regarding the location of said Defendant.

(8)     Within ten (10) days after personal service is effected, the United States Marshal shall file the return of service for Defendant Huffman and the costs incurred in effecting service on said Defendant.

(9) Defendant Wayne Huffman shall file an answer to Plaintiff's claim of retaliation within twenty (20) days after service.

(10) The caption of this case shall be changed to reflect that Defendant Wayne Huffman is the only remaining Defendant.

Any pending motions are denied.

Dated November 20, 2006.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT